OPINION OF THE COURT
Daniel F. McMahon, J.
The defendant comes before this court charged with an alleged violation of the terms of his probation imposed by this court on April 24, 1981.
The facts of this violation are not in dispute. The defendant, after running a toll booth in the State of Indiana, was chased at high speeds across various lanes of traffic for approximately 20 miles. During the course of this incident, police vehicles were damaged.
On April 5, 1982, the defendant entered a plea of guilty in La Grange County Court, Indiana, to resisting law enforcement in violation of section 35-44-3-3 of the Indiana Code, a class A misdemeanor in that State. These facts were admitted before this court on April 20, 1982.
The question before this court is whether the plea of guilty to the class A misdemeanor in Indiana constituted the “Commission of an additional offense” as contemplated by CPL 410.10 (subd 2).
The court has conducted a hearing on April 20,1982 and May 4,1982 pursuant to CPL 410.70. As previously noted, *1010 the defendant admits the allegations in question. However, it is his position that the offense charged is merely a traffic infraction, specifically violation of section 1102 of the Vehicle and Traffic Law, failure to comply with a police officer. The People have taken the position that the commission of what is designated as a misdemeanor in Indiana automatically constitutes a violation of the defendant’s New York probation. This court cannot accept either position.
CPL 410.10 (subd 2) provides for the revocation of a sentence of probation upon the “[c]ommission of an additional offense, other than a traffic infraction” by the probationer. By its exclusion of traffic infractions, the Legislature clearly intended that, in order to revoke a sentence of probation on grounds other than a violation of a specified condition of probation, the court must find that an act which is to form the basis of a violation must be an offense cognizable under the law of this State. The term “offense” as defined in the Penal Law (§ 10.00, subd 1) specifically makes reference to conduct which is a violation of “any law of this state”. Therefore, the conduct of this defendant must be such as is cognizable as an offense as defined by the laws of New York, not Indiana.
The defendant argues that his conduct merely was that which would constitute failure to comply with a police officer under section 1102 of New York’s Vehicle and Traffic Law. He attempts to distinguish his conduct from that proscribed by section 195.05 of the Penal Law, obstructing governmental administration, a class A misdemeanor, by arguing that the crime of obstructing requires a higher culpable mental state than the traffic infraction of failure to comply. This court does not agree.
The allegations admitted to by the defendant reveal that the police chased this defendant at speeds in excess of 120 miles per hour for approximately 20 miles. The defendant’s vehicle cut across lanes of traffic and endangered the lives of other users of the highway in an attempt to “intentionally [obstruct or] impair * * * the administration of law” (Penal Law, § 195.05). The duration in both time and distance certainly lead to the conclusion that the defendant intended to evade the police, not merely disobey them.
*1011 Accordingly, the court finds that this defendant’s conduct, which is not controverted, constitutes the commission of an offense in New York. He is therefore in violation of the terms of the probation imposed by this court on April 24, 1981.
Pursuant to CPL 410.70 (subd 5), the court, based upon the foregoing findings of fact and conclusions of law, revokes the defendant’s sentence of probation. The defendant is hereby resentenced, nunc pro tune, to April 24,1981, to a sentence of imprisonment not in excess of 60 days, and 4 years, 10 months probation, as provided in section 60.01 (subd 2, par [d]) of the Penal Law.